UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RICHARD LEE CARMICHAEL,<br><br>Plaintiff,<br>v.<br>ROMEO ARANAS, *et al.*,<br><br>Defendants. | Case No. 3:17-cv-00025-MMD-WGC<br><br>ORDER |

**I.   DISCUSSION**

Defendants have filed three motions for extension of time (ECF Nos. 7, 8, 9) and a motion for clarification of the screening order (ECF No. 10). The Court first addresses the motion for clarification.

**A.   Motion for Clarification**

On February 9, 2017, this Court issued a screening order in this case and "interpret[ed] the allegations in the complaint as suing individuals that Plaintiff [did] not identify in the caption of his complaint. The Court interpret[ed] [those] individuals as additional defendants." (ECF No. 5 at 14 n.2.)

Defendants now file a motion for clarification "regarding Plaintiff's named Defendants as opposed to the Defendants added *sua sponte* by the Court based on Plaintiff's narrative." (ECF No. 10 at 1.) Defendants argue that Plaintiff is "required to name individuals they wish to sue with enough specificity to adequately identify as to their identity and whether he or she is a named Defendant." (*Id.* at 4.) Defendants assert that "setting forth a person's name in the narrative of the pleading is not the same as *naming*

*the individual as a named defendant.*" (*Id.*) Defendants reference Federal Rule of Civil Procedure 10(a) and this Court's instructions for filing a 42 U.S.C. § 1983 civil rights complaint. (*Id.* at 4; *see also* ECF No. 10-1.) Defendants argue that "[d]eciding, *sua sponte*, that an individual in the text/narrative of the pleading is to be accorded party status would appear to be judicial overreaching and manifestly unfair to the Defendants." (ECF No. 10 at 4.)

Courts are required to construe *pro se* pleadings liberally, "particularly where civil rights claims are involved." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (holding that "[a] document filed *pro se* is 'to be liberally construed,' . . . and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers"); *see also* Fed. R. Civ. P. 8(e) (stating that "[p]leadings must be construed so as to do justice"). Moreover, in keeping with the liberal construction of *pro se* pleadings, the Ninth Circuit has explicitly held that "even if an improper defendant is indicated in the caption, we may consider a complaint to have named the proper defendant 'if the allegations made in the body of the complaint make it plain that the party is intended as a defendant.'" *Barsten v. Dep't of Interior*, 896 F.2d 422, 423 (9th Cir. 1990). District courts throughout the Ninth Circuit have applied this principle to *pro se* pleadings and have added defendants to complaints based on the body of the pleadings despite their omission from the captions or headings of the complaints. *See Grindling v. Shibao*, No. CV-16-00426-DKW-RLP, 2016 WL 5661757, at *1 n.1 (D. Haw. Sept. 29, 2016) (unpublished) (finding that "[a]lthough Gilbert Shibao is the only defendant named in the caption of the First Amended Complaint, throughout the body of the pleading, Grindling alleges conduct by other correctional officers who were previously named in his original complaint, including Isaac Gazmen, Bert Sam Fong, Reef Shook, Jared Tajon, Ross Andre and Paulo Faleafine. Liberally construing the First Amended Complaint, it appears that Grindling intended for these additional parties to be named as defendants, despite their omission from the caption or heading of the First Amended Complaint"); *see DiParra v. Parole Cmty. Servs.*,

No. CV-07-0114-IEG-POR, 2008 WL 1861405, at *3 (S.D. Cal. Apr. 24, 2008) (unpublished) (finding that "[b]ecause Plaintiff does refer to Defendant Wickline in [the] body of the Second Amended Complaint, the Court will liberally construe Plaintiff's Second Amended Complaint and find that Plaintiff did intend to name Wickline as a Defendant in this action).

Here, the Court applied the liberal pleading standard in construing Plaintiff's *pro se* pleading to name defendants identified in the body of the complaint. As such, the Court denies Defendants' motion for clarification. The screening order remains as entered.

### B. Motions for Extension of Time

In the screening order, the Court directed Defendants to (1) enter a limited notice of appearance; and (2) file a response to Plaintiff's motion for temporary restraining order/preliminary injunction within seven (7) days from the date of that order. (ECF No. 5 at 15-16.) Defendants seek an extension of time through Thursday, February 23, 2017, to enter their limited appearance and file their response. (ECF No. 7, 8, 9.) The Court grants the motions for extension of time. Defendants will have until Thursday, February 23, 2017, to enter a limited notice of appearance and file a response to Plaintiff's motion for temporary restraining order/preliminary injunction.

## II. CONCLUSION

For the foregoing reasons, it is ordered that the motions for extension of time (ECF Nos. 7, 8, 9) are granted. Defendants will enter a limited notice of appearance and file a response to Plaintiff's motion for temporary restraining order/preliminary injunction on or before Thursday, February 23, 2017. Plaintiff may file a reply within ten (10) days from the date of Defendants' response.

It is further ordered that Plaintiff's motion for clarification (ECF No. 10) is denied.

DATED THIS 21st day of February 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE