UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD LEE CARMICHAEL, | Case No. 3:17-cv-00025-MMD-WGC |
| Plaintiff, | **ORDER** |
| v. | |
| ROMEO ARANAS, et. al., | |
| Defendants. | |

Pending before the court is Plaintiff's Emergency Motion for Temporary Restraining Order/Preliminary Injunction. (Electronic Case Filing (ECF) Nos. 3, 3-1, 4, 4-1.)[1] Defendants have filed a response. (ECF Nos. 14, 16-1 to 16-31, 18, 20-1 to 20-31.)[2] Plaintiff filed a reply. (ECF Nos. 22, 23.)[3]

The court will issue a separate minute order setting this motion for a hearing.

**A. Supplement to Opposition**

On or before **5:00 p.m. on March 20, 2017**, Defendants shall supplement their opposition with the following:

(1) A new sealed[4] exhibit that contains *all* of Plaintiff's medical records, unusual occurrence reports, kites, letters and grievances *related to his spinal condition* that is at issue in the motion for temporary restraining order/preliminary injunction, up to the present time, in

---

[1] ECF Nos. 3, 3-1 and 4, 4-1 are identical.

[2] ECF Nos. 14, 16-1 to 16-31 and 18, 20-1 to 20-31 are also identical.

[3] ECF Nos. 22 and 23 are identical.

[4] There is no need to file a separate motion for leave to file the exhibit under seal, as the court finds that compelling reasons, including protecting Plaintiff's privacy in the sensitive information contained in his medical records, justify sealing these documents.

chronological order.[5] It appears that Defendants omitted at least one pertinent record from their submission— a medical order dated December 21, 2016 stating that Plaintiff has advanced cervical spondylosis, was awaiting a surgical evaluation, and that a double mattress would be medically appropriate. (*See* ECF No. 22 at 97.) The court wants to make sure it has all records relevant to Plaintiff's spinal condition in advance of the hearing, and not just those records Defendants have chosen to focus on. This shall include records relating to a visit with an orthopedic surgeon on March 8, 2017, referenced in Plaintiff's reply brief. (*See* ECF No. 22 at 10.) The records should be accompanied by an authenticating declaration by the custodian of records, which was absent from the original submission of medical records. With respect to any relevant grievances, Defendants shall submit not only NDOC's inmate grievance history report, but the actual grievance documentation.

(2) NDOC policies and procedures concerning transporting severely ill/injured inmates and policies and procedures for moving the property or severely ill/injured inmates which were not addressed in Defendants' opposition to Plaintiff's motion despite District Judge Du's clear instruction to do so (see ECF No. 5 at 13:26-28). If there are no formal policies and procedures, Defendants shall submit a declaration by a person with personal knowledge of informal policies and procedures on these topics.

**B. Appearance at Hearing**

The Attorney General's Office shall ensure that defendant Dr. Romeo Aranas appears telephonically and is prepared to testify at the hearing. The Attorney General's Office shall also ensure that a person knowledgeable regarding the prison's policies on transporting and moving the property of severely ill/injured inmates appears telephonically and is prepared to testify at the hearing.

---

[5] Many of the records submitted by Defendants relate to his urology condition, which is not at issue in Plaintiff's motion as it focuses on his spinal condition and his transport to another NDOC facility in light of this condition, as well as his ability to lift his property.

**C. Plaintiff's Review of Medical Records and Access to Medical Records at Time of Hearing**

Plaintiff shall be given an opportunity to review his medical file in advance of the hearing, and that shall include all of the documents included in the newly filed exhibit discussed in this order. Plaintiff shall be given a *reasonable* time to review these records, and should be permitted to take notes. Plaintiff shall also be given access to the records at the time of the hearing so that he may reference them as necessary.

**D. Service**

Finally, the court notes that Defendants' opposition to Plaintiff's motion for temporary restraining order/preliminary injunction was electronically served on Plaintiff in care of the Lovelock Correctional Center (LCC) librarian, even though the docket reflects that Plaintiff is housed at Northern Nevada Correctional Center (NNCC). Plaintiff appears to have nevertheless received the filing, but in the future Defendants should take care to serve Plaintiff at his housing facility of record. If there was a change in Plaintiff's housing assignment, it was incumbent upon Plaintiff to file a notice of change of address.

**IT IS SO ORDERED.**

DATED: March 10, 2017.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE