UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

RICHARD LEE CARMICHAEL,

              Plaintiff,

v.

ROMEO ARANAS, *et al.*,

              Defendants.

Case No. 3:17-cv-00025-MMD-WGC

ORDER REGARDING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE WILLIAM G. COBB

**I.    SUMMARY**

Before the Court is the Report and Recommendation of United States Magistrate Judge William G. Cobb (ECF No. 43) ("R&R") relating to Plaintiff Richard Carmichael's ("Carmichael") Motion for Temporary Restraining Order/Preliminary Injunction (ECF Nos. 3, 4). Defendants have objected to the R&R. (ECF No. 46.) For the reasons herein the R&R is accepted and adopted in full.

**II.    BACKGROUND**

Carmichael is an inmate in the custody of the Nevada Department of Corrections ("NDOC") and is currently housed at the Northern Nevada Correctional Center ("NNCC"). The events giving rise to this action took place while he was housed at High Desert State Prison, Southern Desert Correctional Center, Ely State Prison, and NNCC.

On January 13, 2017, Carmichael, proceeding pro se and *in forma pauperis*, filed a complaint asserting claims based on 42 U.S.C. § 1983. (ECF No. 1.) Shortly thereafter, he filed an Emergency Motion for a Temporary Restraining Order and Preliminary Injunction ("PI Motion"). (ECF Nos. 4, 5.)[1] The complaint was screened pursuant to 28 U.S.C. 1915A, and Carmichael was allowed to move forward with the claims he listed in Counts I, II, and IV, which alleged deliberate indifference to his serious medical needs in violation of the Eight Amendment. (ECF No. 5.) Count I addresses Carmichael's prostate condition and Counts II and IV deal with a spinal condition.

The details of Carmichael's claims, which are summarized here, are spelled out in greater detail in the R&R.[2] Carmichael's PI Motion is based on the allegations in Counts II and IV against Defendants Koehn, Wickham, Sablica, Famy, Weber, and Baca. In general, Carmichael alleges that he has serious neck and pack pain stemming from degenerative disc disease and advanced spinal stenosis — conditions with which he was diagnosed in 2013 and 2016 respectively. He alleges that Defendants have ignored a number of his requests for accommodation and treatment, and that their actions have caused him a great deal of pain and risked further deterioration of health. Carmichael asks the Court for an order barring Defendants from transporting him to another facility until a medical professional can determine whether transport would cause further harm to his back. He also asks for Defendants to arrange an examination by a qualified neurologist or orthopedic surgeon.

After reviewing the parties' briefs and ordering supplemental briefing, the Magistrate Judge held a hearing on March 27, 2017. (ECF No. 40.) Based on the record and the arguments presented at the hearing, the Magistrate Judge determined that Carmichael had demonstrated a likelihood of success on the merits of his Eight Amendment deliberate indifference claim related to his spinal condition. The Magistrate

---

[1] ECF No. 4 and ECF No. 5 are identical documents.

[2] Defendants have not objected to the Magistrate Judge's summary of the claims and evidence presented, and the Court adopts those portions of the R&R in full.

1   Judge further determined that the rest of the preliminary injunction analysis weighed in
2   Carmichael's favor and recommends granting Carmichael's request by issuing an order:
3   (1) precluding Defendants from requiring Carmichael to lift anything greater than 10
4   pounds, consistent with the current "lay-in order" in place, until and unless it is medically
5   determined otherwise; and (2) require consultation with Carmichael's medical care
6   providers regarding safe transport if Carmichael is transferred to another NDOC facility.
7   (ECF No. 43 at 19-20.)

Defendants have objected to the Magistrate Judge's recommendation, and argue that he erred at each step of the preliminary injunction analysis. (ECF No. 46.)

### III.  LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). In light of Defendants' objections, the Court has engaged in a *de novo* review to determine whether to adopt Magistrate Judge Cobb's recommendations.

"'An injunction is a matter of equitable discretion' and is 'an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief.'" *Earth Island Inst. v. Carlton*, 626 F.3d 462, 469 (9th Cir. 2010) (quoting *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22, 32 (2008)). To qualify for a preliminary injunction, a plaintiff must demonstrate: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm; (3) that the balance of equities favors the plaintiff; and (4) that the injunction is in the public interest. *Winter*, 555 U.S. at 20.

Alternatively, in the Ninth Circuit, an injunction may issue under a "sliding scale" approach if there are serious questions going to the merits and the balance of equities tips sharply in the plaintiff's favor. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011). The plaintiff, however, must still show a likelihood of irreparable

3

harm and that an injunction is in the public interest. *Id.* at 1135. "[S]erious questions are those 'which cannot be resolved one way or the other at the hearing on the injunction.'" *Bernhardt v. Los Angeles Cty.*, 339 F.3d 920, 926-27 (9th Cir. 2003) (quoting *Republic of the Philippines v. Marcos*, 862 F.2d 1355, 1362 (9th Cir. 1988)). They "need not promise a certainty of success, nor even present a probability of success, but must involve a 'fair chance of success on the merits.'" *Marcos*, 862 F.2d at 1362 (quoting *Nat'l Wildlife Fed'n v. Coston*, 773 F.2d 1513, 1517 (9th Cir. 1985)).

Furthermore, under the Prison Litigation Reform Act ("PLRA"), preliminary injunctive relief must be "narrowly drawn," must "extend no further than necessary to correct the harm," and must be "the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

**IV.     DISCUSSION**

Defendants argue that the Magistrate Judge erred in concluding that Carmichael has established a likelihood of success on the merits, that irreparable injury would occur absent an injunction, that the balance of hardships tipped in his favor, and lastly that an injunction would further the public interest.

  **A.     Likelihood of Success on the Merits**

    **1.     Deliberate Indifference Standard**

Although prisoners may be deprived of some of their rights fundamental to liberty, they "retain the essence of human dignity inherent in all persons." *Brown v. Plata*, 131 S. Ct. 1910, 1928 (2011). The Eighth Amendment protects this dignity in its prohibition against cruel and unusual punishment. Because society takes from prisoners their liberty to provide for themselves, they become dependent on the state for shelter, food, clothing, and medical care. "A prison that deprives prisoners of basic sustenance, including adequate medical care, is incompatible with the concept of human dignity and has no place in civilized society." *Id.*

"[T]he government has an obligation to provide medical care for those whom it punishes by incarceration," *Hutchinson v. United States*, 838 F.2d 390, 392 (9th Cir.

4

1988), and cannot be deliberately indifferent to the medical needs of its prisoners. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "[T]he appropriate inquiry when an inmate alleges that prison officials failed to attend to serious medical needs is whether the officials exhibited deliberate indifference." *Hudson v. McMillian*, 503 U.S. 1, 5 (1992).

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment. *Estelle*, 429 U.S. at 104. Prison doctors, medical staff, or prison guards can all be liable for Eighth Amendment violations. *Id.* The Supreme Court has identified two forms of deliberate indifference: when prison officials deny, delay or intentionally interfere with medical treatment, or by the way in which prison physicians provide medical care. *See Hutchinson* 838 F.2d at 394 (citing *Estelle*, 429 U.S. at 104-05).

In the Ninth Circuit, the test for deliberate indifference consists of two parts. *McGuckin v. Smith*, 974 F.2d 1050 (9th Cir. 1991), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc). First, the plaintiff must show a "serious medical need" by demonstrating that failure to treat her or his condition could result in further significant injury or the unnecessary and wanton infliction of pain. *Id.* A serious injury is not the type of "routine discomfort [that] is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson*, 503 U.S. at 9 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). "The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." *McGuckin*, 974 F.2d at 1059-60 (citations omitted).

Second, the plaintiff must demonstrate that the defendant's response to the need was deliberately indifferent by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations and citations omitted). The requirement of a purposeful act/failure to respond is intended to preclude a finding

5

of deliberate indifference for accidents or inadvertent failures to provide adequate medical care. *Estelle*, 429 U.S. at 105. Mere negligence does not rise to an Eighth Amendment violation. *Hutchinson*, 838 F.2d at 394. In order to demonstrate harm caused by the indifference, a prisoner need not show that the harm was substantial, but such a showing would provide additional support for the inmate's claim of deliberate indifference. *McGuckin*, 974 F.2d at 1060.

Once these requirements are met, the factfinder must determine whether the defendant was deliberately indifferent to the prisoner's medical needs. *McGuckin*, 974 F.2d at 1060. "[T]he more serious the medical needs of the prisoner, . . . the more likely it is that a plaintiff has established 'deliberate indifference' on the part of the defendant." *Id*. at 1061. A finding that the defendant's neglect was isolated weighs against a finding of deliberate indifference, while a repeated failure to treat an inmate or a single egregious failure supports such a finding. *Id*. at 1060-61.

### 2. Analysis

The R&R recounts Carmichael's medical history in great detail. (ECF No. 43 at 7-15.) The Magistrate Judge concluded that inconsistencies and gaps in treatment supported a finding that Camichael will likely succeed on the merits of his Eight Amendment claim as it related to his spinal condition. The Magistrate Judge specially pointed to several examples of behavior that he believed demonstrated deliberate indifference, including a seven-month delay between the recommendation for an MRI and the actual performance, failure to follow doctors' recommendations for pain management, and inexplicable classification as being "medically stable" and requiring "minimal or no periodic health care" despite a lengthy documented history of pain and a deteriorating condition. (*Id*. at 15-16.)

Defendants argue that the Magistrate Judge's conclusion lacked a clear factual basis because Carmichael's "voluminous" medical records show "a pattern of multiple complaints followed by continuing medical treatment and care." (ECF No. 46 at 4.) In other words, Defendants seem to believe that simply because Carmichael was receiving

treatment, and indeed more treatment than the average inmate, it is impossible to conclude that they were indifferent to his medical needs. But providing some treatment does not inoculate Defendants from any Eight Amendment violations. Carmichael has shown several instances that seem to show, at this early stage of the litigation, that Defendants, who were aware of his condition, failed to adequately respond to his pain and medical needs. The Court agrees with the Magistrate Judge's assessment of the medical records. While they show that Carmichael received relatively regular attention, they also seem to show lapses that likely rise above negligence. Therefore, the Court finds that Carmichael has shown a likelihood of success on his Eight Amendment claim of deliberate indifference, specifically as it relates to his back condition.

**B.    Irreparable Injury**

Defendants argue that Carmichael is currently under a "lay-in order" which prevents him from lifting more than 10 pounds, and that there are no plans to relocate Carmichael from NNCC. Therefore, according to the Defendants, the injuries addressed by the preliminary injunction are speculative. They argue that the preliminary injunction merely enforces the status quo, and there is no immediate threat of any harm. (ECF No. 46 at 5.)

That the injunction enforces the status quo is of no consequence because, of course, that is what most preliminary injunctions do. *See Regents of Univ. of California v. Am. Broad. Companies, Inc.*, 747 F.2d 511, 514 (9th Cir. 1984) ("[T] the function of a preliminary injunction is to preserve the status quo *ante litem*."). Carmichael has shown (and Defendants do not contend otherwise) that he would suffer pain and perhaps a worsening of his condition if required to travel by bus or lift heavy loads. As the Magistrate Judge correctly noted, though there are no current plans to transfer Carmichael, he could be transferred at any time for disciplinary or medical reasons. Furthermore, the record contains inconsistencies in regards to the specifics of Carmichael's "lay-in order" — providing little assurance that the "lay-in order" is sufficient to prevent Carmichael from being required to carry more than 10 pounds.

The Court agrees with the Magistrate Judge's conclusion that Carmichael has shown a likelihood of irreparable harm.

### C.     Balance of Hardships

Defendants, appropriately, cite the heighted requirements imposed by 18 U.S.C. § 3626 when considering preliminary injunctive relieve with respect to prison conditions. Defendants then repeat their assertion that Carmichael does not face any immediate harms and has not established a likelihood of success on the merits of his claim. They go on to argue that issuing a preliminary injunction (mandating conditions that they have acknowledged simply enforce the status quo) somehow significantly interferes with NDOC operations by "allow[ing] an inmate to ignore the well-established administrative regulations and prevent the NDOC from addressing this issue before outside involvement is warranted." (ECF No. 46 at 6.)

The Court agrees with the Magistrate Judge that the balance of harms clearly weighs in Carmichael's favor. The only burden placed on Defendants are the requirements that medical professionals be consulted before Carmichael is moved and that they comply with their own 10-pound weight limit identified in the "lay-in order." On the other side of the scale, Carmichael faces substantial pain and possible complication of his back condition. The Court further finds that the preliminary relief complies with the heightened statutory requirements for addressing prison conditions. The relief is "narrowly drawn, … extend[s] no further than necessary to correct the harm," and is "the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2).

### D.     Public Interest

Defendants argue that an injunction does not serve the public interest because Carmichael has not shown a likelihood of success on his claim. The Court disagrees, for the reasons discussed above, and reiterates that "it is always in the public interest to prevent the violation of a party's constitutional rights." *Melendres v. Arpaio,* 695 F.3d 990, 1002 (9th Cir. 2012).

///

## V. CONCLUSION

It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge William G. Cobb (ECF No. 43) be accepted and adopted in full. Plaintiff's Emergency Motion for Temporary Restraining Order/Preliminary Injunction (ECF Nos. 3, 4) is granted as follows:

(1) Plaintiff is precluded from lifting anything greater than ten pounds, consistent with the current "lay-in" order in place, until and unless it is medically determined otherwise.

(2) If Plaintiff is to be transferred to another NDOC facility, his medical care providers, including any specialists, shall be consulted to determine a mechanism for safe transport in light of his medical conditions before he is transported.

(3) This preliminary injunction applies to the Defendants named in this action and their officers, agents, servants, employees and attorneys. Fed. R. Civ. P. 65(d)(2)(A), (B).

(4) The preliminary injunction shall remain in place pending a full determination of Plaintiff's claims upon the merits or upon further order of the court.

DATED THIS 2nd day of May 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE