# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD LEE CARMICHAEL, | 3:17-cv-00025-MMD-WGC |
| Plaintiff, | **MINUTES OF THE COURT** |
| vs. | October 18, 2017 |
| ROMEO ARANAS, *et al.*, | |
| Defendants. | |

PRESENT: THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:  KATIE LYNN OGDEN     REPORTER:  NONE APPEARING

COUNSEL FOR PLAINTIFF(S):  NONE APPEARING

COUNSEL FOR DEFENDANT(S):  NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

Before the court is Plaintiff's Motion for Entry of Default Judgment (ECF No. 88). Plaintiff requests that default judgment be entered against Defendants Michael Koehn and Cynthia Sablica in the amount of $112,000 based on their failure to answer Plaintiff's complaint. (*Id.*)

There are two stages in a default proceeding: the entry of a default followed thereafter, if at all, by a default judgment. First securing a default is a precondition to securing a default judgment. *See, e.g., VLM Food Trading Int'l, Inc. v. Illinois Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016).

Defendants Michael Koehn and Cynthia Sablica filed their Answer to Plaintiff's Civil Rights Complaint and Jury Demand on August 14, 2017. (ECF No. 68.) Thus, a default could not be entered against either Defendant because each has instituted a defense to Plaintiff's allegations. Fed. R. Civ. P. 55(a). Without first securing a default, which Plaintiff has not done, the entry of a default judgment is not available to Plaintiff as to these Defendants.

Therefore, Plaintiff's Motion for Entry of Default Judgment (ECF No. 88) is **DENIED**.

**IT IS SO ORDERED.**

DEBRA K. KEMPI, CLERK

By:   /s/
         Deputy Clerk